AMBERLY A. MORGAN (Bar No. 273891)
  Amberly.Morgan@huschblackwell.com
JENNIFER N. HINDS (Bar No. 301804)
  Jennifer.Hinds@huschblackwell.com
HUSCH BLACKWELL LLP
300 South Grand, Suite 1500
Los Angeles, CA 90071
*Telephone:* 213.337.6550
*Facsimile:* 213.337.6551

Attorneys for G6
G6 Hospitality LLC.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SANKMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>G6 HOSPITALITY LLC and DOES 1 through 100, inclusive,<br><br>            G6. | CASE No.<br><br>**DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1332, 1441 AND 1446**<br><br>*(Filed concurrently with Declaration of Rebecca Lennard, Declaration of Maria Sanchez, Declaration of Amberly A. Morgan, Notice of Interested Parties, and Civil Cover Sheet)* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that G6 Hospitality LLC ("G6") by and through its counsel, invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and removes this action from the Superior Court of the State of California for the County of Ventura. As grounds for removal, G6 states as follows:

1

# **PROCEDURAL BACKGROUND**

1. On August 30, 2021, Plaintiff Todd Sankman ("Plaintiff") filed a civil complaint against G6 in the Superior Court of the State of California for the County of Ventura, *Todd Sankman v. G6 Hospitality LLC.*, Case No.: 56-2021-00557666-CU-WT-VTA which sets forth the following causes of action: (1) Religious Creed/Ancestry Discrimination; (2) Failure to Prevent Discrimination; (3) Retaliation in Violation of California Government Code § 12940; (4) Violation of California Labor Code § 1102.5(c); (5) Wrongful Constructive Termination; (6) Failure to Pay All Earned Minimum and Overtime Wages; (7) Failure to Provide Lawful Wage Statements; (8) Violation of Labor Code §202; and (9) Violation of California's Unfair Competition Statute (the "Complaint").

2. The Superior Court for the County of Ventura issued a Summons on August 30, 2021. Plaintiff served the Summons and Complaint, and related court documents on G6 on September 2, 2021. Copies of the Summons, Complaint and all other related court documents served upon G6, which comprise all of the process, pleadings and orders served upon G6 to date, are attached to the Declaration of Amberly Morgan as **EXHIBIT "A**."

3. G6 filed its answer to the Complaint on October 1, 2021. The Answer is attached to the Declaration of Amberly Morgan as **EXHIBIT "B**." The Exhibits "A" and "B" constitute all the process, pleadings and orders served upon G6 and filed with the court in this case to date.

4. The undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents will be served on Plaintiff's counsel and filed with the Clerk of the Ventura County Superior Court, as required by 28 U.S.C. § 1446(d).

5. Venue for this action lies in the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district embracing the place in which the action was filed and where the case is pending.

6. This Notice of Removal has been filed within thirty (30) days after G6

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

2

were served with a copy of the Summons and Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

7. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse and the amount in controversy for Plaintiff's individual claims exceeds the jurisdictional requirement of $75,000.00.

### A. The Parties are Citizens of Different States

9. Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed. 28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transport Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

10. At the time of filing the Complaint, Plaintiff alleged that he is a citizen of the state of California, in the County of Ventura. Complaint ¶1.

11. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

13. A limited liability company is a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. In determining whether a civil action is removable under 28 U.S.C. §

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

3

HB: 4824-7341-2349.3

1332(a), citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b). Thus, the presence of Doe Defendants does not impact diversity for removal purposes.

15. G6 is a limited liability company organized under the laws of Delaware with its principal place of busines in Texas, where its officers direct, control and coordinate the company's activities. Its sole member is IBL Limited, LLC. Declaration of Rebecca Lennard ("Lennard Decl."), ¶¶ 3 - 4.

16. IBL Limited, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Texas, where its officers direct, control and coordinate the company's activities. *See* Lennard Decl. ¶5.

17. As a result, G6 is a citizen of Texas and Delaware for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441. Accordingly, G6's sole member is a citizen of Texas and Delaware. Since G6's member is a citizen of Texas and Delaware, G6 is accordingly a citizen of Texas and Delaware for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441. *See Johnson,* 437 F.3d 94.

18. Accordingly, Plaintiff is a citizen of California, and G6 is a citizen of Delaware and Texas and there is complete diversity between Plaintiff and G6.

## B.     Amount in Controversy

19. Pursuant to 28 U.S.C. § 1332, the amount in controversy for Plaintiff's individual claims must exceed the jurisdictional requirement of $75,000.00.

20. A court determines the jurisdictional amount based on the relief sought in the complaint. The federal diversity jurisdiction statute, 28 U.S.C. §1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)

21. In measuring the amount in controversy, a court must assume the plaintiff will prevail on each of his claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe.").

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

HB: 4824-7341-2349.3

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

22.    A defendant must only make a plausible allegation of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an **estimate** of the **total** amount in dispute." *Id.* at 400-401 (emphasis added).

23.    While G6 denies Plaintiff's factual allegations and denies he is entitled to any of the relief for which he has prayed, it is clear that Plaintiff has put into controversy an amount "more likely than not" in excess of $75,000.00.

### i.    Lost Wages and Benefits

24.    The Government Code prohibits a variety of unlawful employment practices, including harassment, discrimination, and retaliation. Gov't Code § 12940

25.    In his first, second and third causes of action, Plaintiff alleges claims under the Government Code Fair Employment and Housing ("FEHA") for discrimination and retaliation. Complaint ¶¶ 20 - 36.

26.    Plaintiff alleges he "suffered and continues to suffer emotional distress, substantial losses in salary, bonuses job benefits and other employment benefits" as a result of the alleged discrimination, retaliation and constructive wrongful termination. Complaint ¶¶ 22, 27, 35, 42. Plaintiff requests general damages and special damages "in an amount according to proof in order to compensate the Plaintiff for her (sic) loss of past and future earnings" and to compensate him for "any medical expenses and suffering." Complaint, Prayer for Relief ¶¶ 1 - 7.

27.    Plaintiff alleges his employment was constructively terminated on September 20, 2020. Complaint ¶ 4. At the time of his alleged constructive termination, Plaintiff was paid a base annual salary of $60,000.00. *Id.*; Declaration

5

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

of Maria Sanchez, ¶ 4.

28. The amount in controversy for purposes of determining jurisdiction is at least the amount of back pay at the time of removal. *See, e.g.*, *Garfias v. Team Indus. Servs., Inc.*, No. LC CV 17-04282 JAK, 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017).

29. Assuming Plaintiff's salary remained consistent, his damages for lost wages from September 20, 2020 through the date of this Notice of Removal would be approximately $67,500.00.[1] By the time the case is resolved at trial, likely no earlier than October 2022 (a year from the date this Notice is filed), Plaintiff's lost wages could amount to over $127,500.00.

30. Damages for lost employment benefits are more likely than not to be more than nominal and therefore worth at least $1. *Sasso v. Noble Utah Long Beach, LLC*, Civ No. 14-9154-ABAJWX, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015).

31. Thus, the amount in controversy for lost wages and other benefits is at least **$67,500.00**. *See Simmons*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (past wage loss supported diversity jurisdiction); *Sasso*, 2015 WL 898468, at * 5.

### ii.   **Emotional Distress Damages**

32. Plaintiff alleges he has suffered and continues to suffer emotional distress as a result of G6's actions and seeks an unspecified amount of damages for suffering. Complaint ¶¶ 22, 27, 35, 42, Prayer for Relief ¶ 7.

33. Emotional distress damages are properly considered in the amount of controversy for jurisdiction purposes. *Sasso*, 2015 WL 898468, at * 6.

34. Emotional distress damages in employment cases can be substantial. *See Hurd v. Am. Income Life Ins.*, No. CV-13-05205-RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013); *see also Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming jury's award of $30,000 in emotional distress damages

---

[1] A salary of $60,000 per year comes equals pay of $1,250 per week.

HB: 4824-7341-2349.3

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

and only $5,612.00 in back pay in race discrimination case).

35. The Court here should consider at least **$10,000.00** in emotional distress damages for purposes of determining the amount in controversy. *See Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) ("[T]he court will conservatively consider a conservative estimate of $10,000, an amount even less than a 1:1 ratio of emotional distress damages to economic damages, to determine the amount in controversy.").

### iii.   Punitive Damages

36. Plaintiff alleges that the alleged conduct of G6 was "done with oppression and malice . . . with a conscious disregard for the Plaintiff's rights and with the intent, design, and purpose of injuring the Plaintiff" entitling Plaintiff to punitive or exemplary damages. Complaint ¶ 29, 44, 52.

37. "It is well established that punitive damages are part of the amount in controversy for purposes of establishing diversity jurisdiction." *Sasso*, 2015 WL 898468, at *6 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)) (internal quotations omitted).

38. Punitive damages in employment cases can be substantial. *See Hurd*, 2013 WL 5575073, at *7.

39. The Court should consider at least **$10,000.00** in potential punitive damages. *See Adkins*, 293 F. Supp. 3d at 1147 ("As a conservative estimate, the court will consider $10,000 in potential punitive damages, an amount even less than a 1:1 ratio of compensatory to economic damages.").

40. Indeed, specific jury verdicts in employment cases in California indicate that verdict awards well in excess of the jurisdictional requisite have been awarded to plaintiffs (including hourly employees with minimal or no economic damages) in cases alleging harassment, discrimination, retaliation and wrongful termination:

   a. *Jadwom vs. County of Kern.*, No.07-CV-00026 (OWW), USDC Eastern District of California, June 8, 2009: awarding plaintiff $321,285 in

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

compensatory damages and $250,000 in punitive damages in connection with his retaliation claims.

b. *Noyes v. Kelly Services, Inc.*, 2:02-cv-02685-GEB-CMK, USDC Eastern District of California, April 8, 2008, awarding plaintiff $6,547,134 (including punitive damages) in connection with religious discrimination claim resulting in failure to promote.

### iv.    Statutory Penalties

41.    Plaintiff also alleges he was misclassified as exempt between May 2020 and July 2020, entitling him to unpaid overtime wages and liquidated damages for the hours he worked in excess of 8 in a day and 40 in a week.  Complaint ¶¶ 53 - 55.

42.    Plaintiff alleges that, as a result of being misclassified, G6 failed to provide complete and accurate wage statements by failing to accurately report the total number of hours actually worked by Plaintiff and failing to accurately record all earned minimum wages, overtime wages.  Complaint ¶ 58.

43.    Plaintiff seeks the greater of all actual damages or statutory penalties of $50 for the initial pay period in which a violation occurred and $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.00 pursuant to Labor Code section 226(e).  Complaint, ¶59, Prayer for Relief ¶¶ 17.

44.    Plaintiff was paid biweekly such that there were approximately 6 pay periods from May to July of 2020 during which Plaintiff could have received non-compliant wage statements, such that Plaintiff could recover up to **$550.00** for the alleged failure to provide accurate wage statements.  *See* Sanchez Declaration, ¶ 4.

45.    Plaintiff also seeks penalties based on G6's alleged failure to pay the allegedly owed overtime wages upon the termination of his employment as required by Labor Code section 202, and seeks associated penalties provided for in Labor Code section 203.  Complaint ¶ 61(a),(b).

46.    Labor Code section 203 provides the wages of the employee shall continue as a penalty for up to 30 days.  Cal. Lab. Code § 203.  Based on Plaintiff's

HB: 4824-7341-2349.3

annual salary of $60,000.00, his daily wages are $230.77, which amounts to **$6,923.00** in potential penalties at issue under Labor Code section 203.

### v.   Attorneys' Fees

47.     Plaintiff's Complaint seeks "reasonable attorneys' fees" under the Labor Code, Government Code and § California's Unfair Competition Statute.  Complaint ¶¶23, 30, 36, Prayer for Relief ¶ 8, 13, 18, 22, 24.  When an underlying statute authorizes an award of attorneys' fees, the fees may be included in the amount in controversy.  See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

48.     The Labor Code and Government Code authorize an award of attorneys' fees.  Cal. Lab. Code § 218.5; Cal. Gov't Code § 12965(b); *Adkins*, 293 F. Supp. 3d at 1147.  California Code of Civil Procedure section 1021.5, authorizes an award of attorneys' fees for Plaintiff's unfair competition claims under California Business and Professions Code sections 17200, *et seq*.

49.     Employment claims have been found to require "substantial effort from counsel." *Adkins*, 293 F. Supp. 3d at 1147 (citing *Sasso*, 2015 WL 898468, at *6).

50.     Courts have held that a reasonable rate for employment cases is $300.00 per hour, and 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action.  *Adkins*, 293 F.  Supp. 3d at 1147 ("Accordingly, the court will consider a reasonable and conservative estimate of the attorney's fees at the time of removal would be $30,000."); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1472 (9th Cir. 1995) (affirming $724,380.00 in attorneys' fees in FEHA and ADEA case).

51.     The Court should consider at least **$30,000.00** in attorneys' fees for purposes of determining the amount in controversy for establishing jurisdiction. *See Adkins*, 293 F. Supp. 3d at 1147.

### vi.   Total Amount in Controversy.

52.     The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659,

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

HB: 4824-7341-2349.3

662 (9th Cir. 2005).

53.   Based on the allegations in the Complaint, the total amount at stake in this litigation is in excess of the jurisdictional minimum of $75,000.00 as summarized below.

| | |
|---|---|
| Lost Wages And Benefits | $67,500.00 |
| Emotional Distress | $10,000.00 |
| Punitive Damages | $10,000.00 |
| Labor Code Section 203 Penalties | $6,923.00 |
| Wage Statement Violations | $550.00 |
| Attorneys' fees | $30,000.00 |
| **Total:** | **$124,973.00** |

## CONCLUSION

54.   Accordingly, the parties are completely diverse and Plaintiff's claims place more than $75,000.00 in controversy.  For those reasons, this case is properly removed to this Court under 28 U.S.C. §§ 1332(a) and 1441.

55.   In the event this Court has a question regarding the propriety of this Notice of Removal, G6 requests that the Court issue an Order to Show Cause so that they may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: October 4, 2021                    HUSCH BLACKWELL LLP


By:    /s/ *Amberly A. Morgan*
                    AMBERLY A. MORGAN
                    JENNIFER N. HINDS

                    Attorneys for Defendant
                    G6 Hospitality LLC.

10

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

HB: 4824-7341-2349.3

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Denver, State of Colorado. My business address is 1801 Wewatta Street, Suite 1000, Denver, Colorado 80202.

On October 4, 2021, I served a true copy of the following document described as:

**DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1332, 1441 AND 1446** on the interested parties in this action as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY U.S. MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the document(s) in a sealed envelope, postage fully paid, addressed as follows:

> Brent Rosenzweig
> Lee & Rosenzweig
> 701 E. Santa Clara St, Suite 39
> Ventura. CA 93001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 4, 2021, at Denver, Colorado.

_s/ Aileen P. Thead_
AILEEN P. THEAD
Practice Support Team Specialist

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

HB: 4824-7341-2349.3