Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

CASE #:56-2021-00557666-CU-WT-VTA RECEIPT #: 1210831D68269 DATE PAID : 08/31/21 1:25 PM TOTAL : 435.00 TYPE : EFT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically
**FILED**
by Superior Court of California
County of Ventura
08/30/2021
Brenda L. McCormick
Executive Officer and Clerk

Cristal Alvarez
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

G6 HOSPITALITY LLC; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TODD SANKMAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 56-2021-00557666-CU-WT-VTA |
| --- | --- |

Ventura Superior Court, 800 S. Victoria Avenue, Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brent Rosenzweig, LEE & ROSENZWEIG, 701 E. Santa Clara Street, Suite #39, Ventura, CA 93001, (805) 665-6209

DATE: 08/30/2021
*(Fecha)*
Brenda L. McCormick Clerk, by _Cristal Alvarez_, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* G6 Hospitality LLC,
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code 17061 Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

Exhibit A to Declaration of Amberly Morgan

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Brent Rosenzweig
LEE & ROSENZWEIG
701 E. Santa Clara Street, Suite #39, Ventura, CA 93001

TELEPHONE NO.: (805) 665-6209   FAX NO. *(Optional):* (213) 402-6021
ATTORNEY FOR *(Name):* Plaintiff Todd Sankman

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura 93009
BRANCH NAME: Ventura

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California
County of Ventura
**08/30/2021**
Brenda L. McCormick
Executive Officer and Clerk
Cristal Alvarez
Deputy Clerk

CASE NUMBER:
56-2021-00557666-CU-WT-VTA
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 23, 2021
Brent Rosenzweig
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

Brent Rosenzweig (SBN 219071)
LEE & ROSENZWEIG
701 E. Santa Clara Street, Suite #39
Ventura, CA 93001
Tel:    (805) 665-6209
Fax:    (213) 402-6021
Email:  BRENT@LANDRLEGAL.COM

Attorneys for Plaintiff TODD SANKMAN

Electronically
**FILED**
by Superior Court of California
County of Ventura
08/30/2021
Brenda L. McCormick
Executive Officer and Clerk
Cristal Alvarez
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| TODD SANKMAN | Case No.: 56-2021-00557666-CU-WT-VTA |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:** |
| vs. | |
| G6 HOSPITALITY LLC; and DOES 1 through 10, inclusive, | 1. RELIGIOUS CREED/ANCESTRY DISCRIMNATION |
| Defendants. | 2. FAILURE TO PREVENT DISCRIMINATION |
| | 3. RETALATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940 |
| | 4. VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5(c) |
| | 5. WRONGFUL CONSTRUCTIVE TERMINATION |
| | 6. FAILURE TO PAY ALL EARNED MINIMUM AND OVERTIME WAGES |
| | 7. FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS |
| | 8. VIOLATION OF CALIFORNIA LABOR CODE SECTION 202 |
| | 9. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION STATUTE |

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

PLAINTIFF TODD SANKMAN complains and alleges as follows:

## GENERAL ALLEGATIONS

### (Against All Named Defendants)

1.      At all relevant times herein mentioned, Plaintiff, TODD SANKMAN (hereinafter "Plaintiff"), was a resident of the County of Ventura, State of California.

2.      At all times herein mentioned, the Plaintiff is informed and believes that Defendant G6 HOSPITALITY LLC (hereinafter "Defendant" or "G6") is a Corporation operating Motel 6s.   Plaintiff worked for Defendant at its Motel 6 at 2145 E. Harbor Blvd, Ventura, CA 93001 where Defendant employed more than 5 employees at said location at all times herein mentioned.

3.      The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive, and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE Defendants reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

4.      From on or about 2017 to on or about September 20, 2020, Plaintiff was employed by Defendant.  At the time of his employment ended, Plaintiff was a general manager earning a salary of approximately $60,000 a year.

5.      On or about May 2020, Plaintiff transferred to Defendant's Ventura Motel 6 to become the general manager.   When Plaintiff transferred to

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Defendant's Ventura Motel 6, Alex Castro (hereinafter "Castro") became Plaintiff's supervisor.

6.      On or about March 2020, Plaintiff went to lunch with Castro.  During the course of their lunch, Plaintiff brought up the fact that he was Jewish.   After telling Castro that he was Jewish, Castro's demeanor/expression noticeably changed.

7.      After disclosing to Castro that he was Jewish, Castro subjected him to disparate treatment and discriminated against Plaintiff because of his ancestry/religious creed by doing the following:

a.      not responding to Plaintiff's emails and texts;

b.      not providing Plaintiff with assistance when requested; and

c.      forcing Plaintiff to work more than 30 days straight without additional compensation when his assistant manager was out sick and not sending in a relief manager to help;

8.      On or about June or July 2020, Plaintiff reported the disparate treatment to Defendant's Human Resources Manager, Maria Sanchez, (hereinafter "Sanchez").

9.      Following his complaint to Sanchez, Rick Stockellburg (Stockellburg), Castro's supervisor, came to Defendant's Ventura Motel 6.  Once he arrived, Stockellburg began berating Plaintiff on a range of issues not business related.   Stockellburg then told Plaintiff to take his suit jacket off and said "it makes you look like you think you're better than everyone else."   Stockellburg did not tell Plaintiff's non-Jewish colleague, (who was standing approximately 10 feet away from Plaintiff wearing a three-piece suit), to take his jacket off.   Later that

3

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

day, Stockellburg pulled Plaintiff aside and said "I hear you have a problem with [Castro]. Call me if you want."   Plaintiff didn't call Stockellburg because Stockellburg made it clear that Plaintiff's complaint would not be welcomed.

10.     On or about August 2020, Plaintiff reported Castro's and Stockellburg's conduct and comments to Defendant's employee hotline website through a service called Red Flag.

11.     After making the Red Flag complaint, Plaintiff received a call from Defendant's Vice President of Human Resources, Mike Moore (hereinafter "Moore"), who then set up a phone call meeting between Castro and Plaintiff. During this call, Plaintiff listed his complaints regarding the treatment he was receiving from Castro.   When Moore asked Castro what Plaintiff could do better, Castro did not provide an answer.

12.     Following this phone call, Castro's retaliatory behavior of Plaintiff got worse.   For example, a couple days after the call, Castro sent Plaintiff a document stating that Plaintiff is now going to be charged for the on-site manager's apartment that Plaintiff had already been living in for several months at no charge as agreed by Defendant.  Castro also told Plaintiff's assistant manager to start deleting emails of Castro's communications with him when Plaintiff was off work and to BCC Castro of communications between him and Plaintiff.  Plaintiff's assistant manager let Plaintiff know about Castro's directive, and Castro then started a new group chat with all of the other managers in his area and didn't include Plaintiff in this group.

13.     On or about September 2020, Plaintiff submitted another Red Flag complaint in which Plaintiff reported that his Jewish heritage was the reason for

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Castro's actions against him.   Plaintiff did not receive a response from Defendant to this complaint.

14.    After not receiving a response from Defendant's Human Resources Department, Plaintiff made the decision to resign and provided Defendant with his two-week notice on or about September 20, 2020.

15.    After providing his two-week notice, Plaintiff received a call from Castro who told Plaintiff that it wasn't necessary for him to stay the two weeks. Castro then told Plaintiff to go ahead and leave and that he had 30 days to vacate the apartment.

16.    Following his resignation as general manager of Defendant's Ventura Motel 6, Plaintiff applied for several positions at Defendant's other motels but didn't receive a single call back.

17.    Plaintiff contends that Defendant discriminated against, retaliated against, and constructively terminated him because on his religious creed/ancestry and because he complained about being subjected to discrimination. Plaintiff also contends that that Defendant failed to adequately respond to Plaintiff's complaints of discrimination thereby ratifying the discriminatory conduct.

18.    Plaintiff further contends that between on or about May 2020 through on or about July 2020 that Plaintiff spent more than 50% of his time performing non-managerial duties.   Therefore, he is entitled to overtime compensation for the hours he worked over 8 in a day and/or 40 in a week during this time frame.

///
///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

19.     On or about May 18, 2021, Plaintiff filed a claim with the DFEH concerning the unfair employment practices complained herein, and on or about May 18, 2021, the DFEH notified Plaintiff that it was closing its file and he had one (1) year, pursuant to Government Code Section 12965(b), to file an action.  (Attached hereto as Exhibit "1" is a true and correct copy of Plaintiff's DFEH complaint and right to sue)

### FIRST CAUSE OF ACTION

### ANCESTRY/RELIGIOUS CREED DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE SECTION 12940(a)

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

20.     Plaintiff realleges the information set forth in Paragraphs 1-19 above and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

20.     This cause of action is based on California Government Code Section 12940(a) which states in pertinent part that it is unlawful:

> "for an employer, because of ...the **religious creed** .... **ancestry**... of any person, to refuse to hire or employ the person..... or to bar or to discharge the person from employment ..... or to discriminate against the person in compensation or in terms, conditions, or privileges of employment"

21.     Defendant violated this statute by discriminating against Plaintiff because of his religious creed/ancestry, (Jewish).

22.     As a direct, foreseeable, and proximate result of the conduct of all Defendant, Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits

6

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

which he would have received from Defendant, all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

23.     The Plaintiff also prays for reasonable costs and attorney fees, as allowed by Government Code Section 12965(b) of the Fair Employment and Housing Act for the Plaintiff's prosecution of this action in reference to FEHA code violations described in this cause of action.

**SECOND CAUSE OF ACTION**

**VIOLATION OF GOVERNMENT CODE SECTION 12940(h)**

**(Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)**

24.     Plaintiff realleges the information set forth in Paragraphs 1-23 above and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

25.     This cause of action is based on California Government Code Section 12940(h) which prohibits employers from retaliating against "or otherwise discriminat[ing] against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint..."

26.     Defendant violated this statute because Plaintiff was retaliated against and constructively terminated from his employment for complaining about being subjected to religious creed/ancestry discrimination.

27.     As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant, all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

28.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action by willfully violating the statutes enumerated in this cause of action and retaliating against the Plaintiff by terminating the Plaintiff in violation of the law, the Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

29.     The Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above were done with oppression and malice by the Plaintiff's supervisor and managers and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. These unlawful acts were ratified by those other individuals who were managing agents of said Defendant. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against said Defendant, for its acts as described in this cause of action in a sum to be determined at the time of trial.

30.     The Plaintiff also prays for reasonable costs and attorney fees, as allowed by Government Code Section 12965(b) of the Fair Employment and Housing Act for the Plaintiff's prosecution of this action in reference to FEHA code violations described in this cause of action.

///

///

///

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

# THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF

## GOVERNMENT CODE §12940(k)

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

31.    Plaintiff realleges the information set forth in Paragraphs 1- 30 above and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

32.    This cause of action is based on California Government Code §12940(k), which makes it unlawful for employers to "fail to take all steps necessary to prevent discrimination from occurring."

33.    In violation of California Government Code §12940(k), Defendant failed to take all steps necessary to prevent the discrimination from occurring, failed to promptly and thoroughly investigate Plaintiff's claims of discrimination, and failed to take prompt and effective remedial action.

34.    Defendant failed to adequately respond to and investigate Plaintiff's complaint of discrimination, thereby establishing a policy, custom, practice or usage within the organization of Defendant, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced discrimination towards employees, including Plaintiff.

35.    As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant, all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

36.     Plaintiff also prays for reasonable costs and attorney fees, as allowed by Government Code §12965(b) of the Fair Employment and Housing Act for the Plaintiff's prosecution of this cause of action.

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTIONS 1102.5

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

37.     Plaintiff realleges the information set forth in Paragraphs 1-36 above, as though fully set forth and alleged herein.

38.     Plaintiff brings this cause of action under California Labor Code Section 1102.5(c) which prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

39.     Plaintiff alleges that Defendant's conduct in retaliating against and constructively terminating Plaintiff for complaining about being discriminated against based on his ancestry/religious creed violated the following statutes:

a.     California Government Code Section 12940(a) which states in pertinent part that it is unlawful "for an employer, because of ...the religious creed, ancestry.....of any person, to refuse to hire or employ the person..... or to bar or to discharge the person from employment ..... or to discriminate against the person in compensation or in terms, conditions, or privileges of employment"

b.     California Government Code Section 12940(h) which prohibits employers from retaliating against "or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

the person has filed a complaint..."

c.      California Government Code §12940(k), which makes it unlawful for employers to "fail to take all steps necessary to prevent discrimination from occurring."

d.      Business and Professions Code Section 17200, et seq which prohibits any unlawful business act or practice;

e.      Labor Code Section 1103 which makes it a misdemeanor if an employer  violates this chapter of the Labor Code and imposes a fine not to exceed $1,000 for an individual, and $10,000 for a corporation; and

f.      all other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by retaliating and firing Plaintiff.

40.      Defendant's subsequent retaliation against Plaintiff for refusing to participate in and complaining about the above mentioned suspected illegal violated California Labor Code Sections 1102.5(c).

41.      Plaintiff alleges that as a result of Plaintiff's decision to complain about the religious creed/ancestry discrimination he was being subjected to, he was retaliated against and constructively terminated.

42.      As a direct, foreseeable, and proximate result of the conduct of Defendant, the Plaintiff has suffered, and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received from said Defendant, all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

43.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action by willfully violating the statutes enumerated in this cause of action and retaliating against the Plaintiff by terminating the Plaintiff in violation of the law, the Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

44.     The Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above were done with oppression and malice by the Plaintiff's supervisor and managers and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff.  These unlawful acts were ratified by those other individuals who were managing agents of said Defendant.  By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against said Defendants, for its acts as described in this cause of action in a sum to be determined at the time of trial.  Plaintiff also prays for penalties and all other remedies available under Labor Code Section 1102.5 and 1103.

## FIFTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF

## PUBLIC POLICY

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

45.     Plaintiff realleges the information set forth in Paragraphs 1-44 above, as though fully set forth and specifically alleged herein.

12

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

46.     Under California law, no employee, whether they are an at-will employee, <u>Greene v. Ralee Engineering</u>, 19 Cal.4th 66, (1998), or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

47.     Plaintiff alleges that Defendant constructively terminated him in violation of public policy by discriminating against him because of his religious creed/ancestry, retaliating against him because he complained about being discriminated against based on his religious creed/ancestry, and failing to take corrective action to prevent the discrimination and retaliation from continuing.

48.     Plaintiff alleges that the discriminatory working conditions that Plaintiff was subjected to were so intolerable and aggravated at the time of his resignation that a reasonable person in his position would have resigned.

49.     The conduct described in the above paragraphs violate the following statutes that effect society at large:

a.     California Government Code Section 12940(a) which states in pertinent part that it is unlawful "for an employer, because of ... the religious creed, ancestry .....of any person, to refuse to hire or employ the person..... or to bar or to discharge the person from employment ..... or to discriminate against the person in compensation or in terms, conditions, or privileges of employment"

13

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

b.      California Government Code Section 12940(h) which prohibits employers from retaliating against "or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint..."

c.      California Government Code §12940(k), which makes it unlawful for employers to "fail to take all steps necessary to prevent discrimination from occurring."

d.      Business and Professions Code Section 17200, et seq which prohibits any unlawful, unfair or fraudulent business act or practice;

e.      Labor Code Section 1102.5(c) which prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation, or complaining about such;

f.      Labor Code Section 1103 which makes it a misdemeanor if an employer violates this chapter of the Labor Code and imposes a fine not to exceed $1,000 for an individual, and $10,000 for a corporation;

g.      Labor Code Section 98.6, which makes it is unlawful for an employer to discriminate, retaliate, or take any adverse action against any employee for exercising the rights afforded to them under the Labor Code, including Labor Code Section 1102.5

h.      all other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated.

50.      As a direct, foreseeable, and proximate result of Defendant's acts as

14

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

described in this cause of action, the Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, job benefits, and other employment benefits he would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

51.   The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant conducted itself as described in this cause of action by willfully violating those statutes enumerated above, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

52.   Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above, in this cause of action, was done with oppression, and malice. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against said Defendant for his acts as described in this cause of action in a sum to be determined at the time of trial.

///

///

///

15

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL EARNED MINIMUM AND OVERTIME WAGES

## (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

53.    Plaintiff realleges the information set forth in Paragraphs 1-52 above, as though fully set forth and alleged herein.

54.    Between May 2020 and July 2020, Plaintiff was without an assistant manager and Defendant's Ventura motel was understaffed.   As a result, during this time Plaintiff was not "primarily engaged" in duties that meet the test of the executive (managerial) exemption as he was spending more than 50% of his time performing non-exempt work, including but not limited to cleaning rooms, doing laundry, and working the front desk.   Therefore, Plaintiff is entitled to overtime compensation for the hours he worked over 8 in a day or 40 in a week during this 3 month period of time.

55.    Plaintiff brings this cause of action against Defendant under the following laws for the following reasons:

a.    those provisions of the California Labor Code regulating working hours and overtime pay including California Labor Code Section 510 requiring daily overtime at one and a half the employee's normal rate for work over 8 hours in a day, and over 40 hours in a week, and the civil penalties allowed under Section 558 for a violation of Section 510 for those times during Plaintiff's employment in which he spent more than 50% of his time performing non-managerial duties and was not paid overtime at time and one half for hours worked in excess of 8 hours in a single day, and those times he was not paid double time for hours he worked in excess of 12 hours in a single day.

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

b.      California Labor Code Sections 1171 and 1173 which allow the Industrial Welfare Commission to adopt any orders pertaining to the hours and conditions of labor and employment in the State of California and to adopt regulations like Wage Orders 1-16 requiring double pay for 12 hour shifts, interim Wage Order 2000, 8 Cal. Code of Regulations Section 11010-11130, California Wage Orders 1-2001-13-2001;

c.      California Labor Code Section 1194(a) allowing employees who are paid less than the legal overtime compensation or minimum wage to recover, in a civil action, the unpaid balance of the full amount of the overtime compensation or wages due along with any attorney fees and costs;

d.      California Labor Code Section 1194 because there were times during Plaintiff's employment with Defendant that he spent more than 50% of his time performing non-managerial duties without overtime compensation;

e.      California Labor Code Section 1194.2(a) which states that: "In any action to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

f.      for penalties under California Labor Code Section 558 which states that any employer or *any other person acting on behalf of an employer* who violates or causes to be violated, any provision of Chapter 1 to Part 2 of the California Labor Code (Section 500 et. seq.) or any provision regulating the hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties.  Plaintiff is informed and believes that Defendants

17

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

violated or caused to be violated California Labor Code Sections 510, 515.5, 551 and 552 when Defendants required Plaintiff to work more than 8 hours in a day, and more than 40 hours in a week, without being paid overtime wages, i.e. time and a half or double time;

g.      for Labor Code Section 218.6 relief for interest on Plaintiff's unpaid wages due;

h.      for recovery of costs and attorney fees pursuant to Labor Code section 218.5 for relief associated with Plaintiff's prosecution of this cause of action under California Labor Code Sections 200, et seq.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

56.     Plaintiff realleges the information set forth in Paragraphs 1-55 above, as though fully set forth and alleged herein.

57.     At all times relevant hereto, California Labor Code Section 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (9) all applicable hourly rates in effect during the pay period and the corresponding

18

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

number of hours worked at each hourly rate by the employee.

58.     Plaintiff alleges from on or about March 2020 through on or about July 2020, Defendants failed to provide an itemized statement in writing that complied with Labor Code Section 226, including but not limited to the following: (1) failing to accurately report the total number of hours actually worked by Plaintiff; and (2) failing to accurately record all earned minimum wages, overtime wages.

59.     As a result of Defendants' failure, Plaintiff is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 per for each violation in any subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and attorney's fees pursuant to California law, including, but not limited to, Labor Code Section 226(e).

### EIGHTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 202

### (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

60.     Plaintiff realleges the information set forth in Paragraphs 1-59 above, as though fully set forth and alleged herein.

61.     Plaintiff hereby brings this cause of action against Defendants under the following laws for the following reasons:

a.     California Labor Code Section 202, which requires employers to pay all final wages due to an employee within 72 hours of his resignation.   Defendant violated this code section by failing to pay Plaintiff all earned minimum and overtime hours from on or about May 2020 through on or about July 2020;

b.     for penalties under California Labor Code Section 203 as Plaintiff

19

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

was not provided all wages due to him within 72 hours of her resignation;

c.      for the above subparagraphs a-b, the Plaintiff prays for Labor Code Section 218.6 relief for interest on Plaintiff's unpaid wages due, and 211 and 218.5 relief for recovery of costs and attorney's fees associated with the Plaintiff's prosecution of this cause of action under Labor Code Sections 200 et seq.

## NINTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION STATUTE

## (Bus. & Prof. Code § 17200, et seq.)

## (Against Defendant G6 HOSPITALITY LLC and All DOE Defendants)

62.      Plaintiff realleges and incorporates Paragraphs 1-61 above as though fully set forth herein.

63.      Defendant's actions and practices, as previously stated, requiring Plaintiff to spend more than 50% of his time performing non-exempt work without being compensated for his overtime hours, failing to pay Plaintiff minimum wage for all hours worked, and discriminating against Plaintiff because of his ancestry/religious creed constitutes unfair competition in violation of Business and Professions Code Section 17200, et. seq.

64.      Plaintiff bring this cause of action against Defendant pursuant to Business and Professions Code Section 17200 et. seq, including section 17203.

65.      Plaintiff seeks restitution for all wages not paid that should have been paid per the statutes alleged in the first through seventh causes of action.

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

WHEREFORE, Plaintiff, TODD SANKMAN, prays for the following relief, to be determined by a jury, as follows:

For the First, Second, Third, Fourth, and Fifth Causes of Action:

1.  For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.  For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate the Plaintiff for her loss of past and future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure to properly advance within her career, and damage to her reputation;

3.  For all costs and disbursements incurred in this suit;

4.  For such other and further relief as the Court deems just and proper;

5.  For all interest as allowed by law;

7.  For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate the Plaintiff for any medical expenses and suffering.

For the First, Second, and Third Causes of Action

8.  For reasonable attorney's fees, as allowed by law, under the California Fair Employment and Housing Act, for the time that the Plaintiff's attorney spends pursuing this cause of action, and for costs.

For the Fourth Cause of Action

9.  For the $10,00 penalty pursuant to California Labor Code Section 1103.

For the Sixth Cause of Action:

10. For Restitution and compensatory damages for Plaintiff's unpaid

21

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

minimum and overtime wages according to proof at the time of trial;

11.   For penalties as authorized under California law, including, but not limited to, the California Labor Code

12.   For all costs and disbursements incurred in this suit;

13.   For reasonable attorney's fees and costs under Labor Code Sections 1194, 1194.3, and as otherwise permitted by statute;

14.   For all interest as allowed by law;

15.   For liquidated damages pursuant to Labor Code Section 1194.2(a)

16.   For such other and further relief as the Court deems just and proper;

<u>For the Seventh Cause of Action</u>

17.   For the greater of actual damages sustained or penalties as authorized by California law, including, but not limited to, the California Labor Code;

18.   For reasonable attorney's fees and costs under the Labor Code, and as otherwise permitted by statute;

19.   For interest at the legal rate pursuant to Labor Code Section 1194 and Civil Code Section 3289, from the date of each applicable pay period;

<u>For the Eighth Cause of Action</u>

20.  For Restitution and compensatory damages for Plaintiff's unpaid minimum and overtime wages according to proof at the time of trial;

21.  For Labor Code Section 203 penalties

22.  For Reasonable Attorney Fees and Costs;

<u>For the Ninth Cause of Action</u>

23.   For an order compelling the Defendant to disgorge and pay over to Plaintiff, as restitution, all profits and savings resulting from their unfair and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

unlawful business policies and practices imposed upon Plaintiff;

24.   For reasonable attorney's fees under Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute;

Dated:  August 24, 2021                    **LEE & ROSENZWEIG**

Brent Rosenzweig
Jong Lee
Attorneys for Plaintiff
TODD SANKMAN

23

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

# EXHIBIT "1"

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Todd Sankman                                      DFEH No. 202105-13588718

                              Complainant,

vs.

G6 Hospitality
4001 international pkwy
Carrollton, Texas 75007

Motel 6
2145 e harbor blvd
Ventura, California 93001

                              Respondents

_____

**1.** Respondent **G6 Hospitality** is an employer **G6 Hospitality** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Motel 6** business as Co-Respondent(s).

**3**. Complainant **Todd Sankman**, resides in the City of , State of **California.**

**4.** Complainant alleges that on or about **September 20, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's ancestry, religious creed - includes dress and grooming practices and as a result of the discrimination was forced to quit, asked impermissible non-job-related questions, other, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was forced to quit, other.

**Additional Complaint Details:** Was treated differently than my colleagues of non Jewish descent.  Was singled out on several occasions. One example being told to take my jacket

-1-
*Complaint – DFEH No. 202105-13588718*

Date Filed: May 18, 2021

Exhibit A to Declaration of Amberly Morgan



off because I was told it made me look like I thought I was better than everyone else all the while a non Jewish employee is five feet away from me and no comment or stipulation was made to him. I reported to HR and was met with increased scrutiny, unprofessional communication, etc. at this point I reported Antisemitic behavior to HR and no follow up was made so I decided to resign. I gave two week notice but was instead released immediately unlike other former colleagues of non Jewish descent

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

-2-
*Complaint – DFEH No. 202105-13588718*

Date Filed: May 18, 2021

Exhibit A to Declaration of Amberly Morgan

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

1  VERIFICATION

2  I, **Todd Sankman**, am the **Complainant** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and
4  belief, and as to those matters, I believe it to be true.

5  On May 18, 2021, I declare under penalty of perjury under the laws of the State of
6  California that the foregoing is true and correct.

7                                                                  **Toledo, WA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        -3-
27                          *Complaint – DFEH No. 202105-13588718*

28  Date Filed: May 18, 2021

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 18, 2021

Todd Sankman
, California

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202105-13588718
Right to Sue: Sankman / G6 Hospitality et al.

Dear Todd Sankman:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 18, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 08-30-2021 at 12:36:21 PM

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2021-00557666-CU-WT-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.
**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Jeffrey G. Bennett | Ventura | 21 |
| **HEARING** | | |
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| | | |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**APPEARANCE AT THE ABOVE HEARING IS MANDATORY.**
**Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).**
**If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).**

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 08/31/2021

Clerk of the Court,
By: _Cristal Alvarez_
Cristal Alvarez, Clerk

VEN-FNR082

**NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE**

Exhibit A to Declaration of Amberly Morgan